UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA THOMPSON, acting on behalf of the late Russell Gene Thompson,<br><br>           Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | No. 2:22-CV-01459-JAM-JDP<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

   The United States ("Defendant") moves this Court for an order dismissing several causes of action in Victoria Thompson's ("Plaintiff") First Amended Complaints for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  See Mot. to Dismiss ("First Mot."), ECF No. 13, Mot. to Dismiss ("Second Mot."), ECF No. 25.  Plaintiff opposed the motions.  See First Opp'n, ECF No. 14, Second Opp'n, ECF No. 27.  Defendant replied.  See First Reply, ECF No. 21, Second Reply, ECF No. 28.

///

For the reasons set forth below, this Court GRANTS Defendant's motions.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is the surviving spouse of Russell Gene Thompson ("Decedent"), who was a patient at the Veterans Affairs-Martinez Outpatient Clinic from March 19, 2021 to May 7, 2021 and the Veterans Affairs-San Francisco Medical Center from August 19, 2021 to October 6, 2021. First Amended Complaint ("Second FAC"), ECF No. 23, ¶ 19, First Amended Complaint ("First FAC"), ECF No. 7, ¶ 16. Both facilities and their employees operate under the direction and supervision of Defendant's Department of Veterans Affairs. Second FAC ¶¶ 9-10. Plaintiff alleges that Decedent entered the Martinez facility suffering from various wounds and coronary complications. Id. ¶ 20. During Decedent's stay at the Martinez facility, Plaintiff alleges that Decedent: (1) fell twice; (2) lost approximately 9.5 pounds; (3) had not been regularly fed; (4) had open wounds that worsened during his stay; and (5) was transferred to another facility twice because of medical decline. Id. ¶¶ 23-38.

Plaintiff alleges that these incidents were the result of medical malpractice by the Martinez facility's staff and filed one of the operative FACs in Victoria Thompson v. United States of America, Case No. 2:23-CV-00403-JAM-JDP, which the Court later consolidated into the instant case. See Order Consolidating Cases, ECF No. 22. Plaintiff brings eleven claims under the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for May 9, 2023.

1 | Second FAC pursuant to the Federal Torts Claims Act (FTCA),
2 | alleging ten counts of negligence and one violation of
3 | California's Elder Abuse and Dependent Adult Civil Protection Act
4 | ("Elder Abuse Act").  See Second FAC.  On March 28, 2023,
5 | Defendant filed its motion to dismiss the Second FAC, arguing
6 | that (1) Plaintiff's Elder Abuse Act claim should be dismissed
7 | for failure to state a claim upon which relief can be granted
8 | under Federal Rule of Civil Procedure (FRCP) 12(b)(6) and
9 | (2) Plaintiff is not eligible to receive punitive damages or
10 | prejudgment interest under the FTCA.  Second Mot. at 4.
11 | Plaintiff opposed the motion.  See Second Opp'n.  Defendant
12 | replied.  See Second Reply.
13 |     On November 2, 2022, Plaintiff filed the First FAC, relating
14 | to Decedent's treatment at the Veterans Affairs-San Francisco
15 | Medical Center from August 19, 2021 to October 6, 2021.  See
16 | First FAC.  Decedent entered the facility and was diagnosed with
17 | mental health complications.  Id. ¶ 17. Plaintiff alleges that
18 | during Decedent's time at the facility: (1) Decedent developed
19 | multiple open skin sores that caused him increased pain; and
20 | (2) medical staff turned off his heart defibrillator.  Id. ¶¶ 27-
21 | 30.  Decedent died at the San Francisco facility on October 6,
22 | 2021.  Id. ¶ 18.  Plaintiff further alleges that medical staff
23 | impeded her access to Decedent's body, which she was not able to
24 | retrieve for burial for more than two weeks after his death.  Id.
25 | ¶¶ 33-36.
26 |     Plaintiff brings the following ten claims under the First
27 | FAC pursuant to the FTCA: (1) lack of informed consent;
28 | (2) murder; (3) negligence in the detention of human remains in

violation of California Health and Safety Code § 7053; (4) negligence by medical staff relating to Decedent's skin sores; (5) negligence by medical staff relating to Decedent's pain from the skin sores; (6) negligence relating to Decedent's limited mobility; (7) negligence by the medical center relating to Decedent's skin sores; (8) negligence by the medical center relating to Decedent's pain from the skin sores; (9) negligent conduct in violation of the Elder Abuse Act; and (10) wrongful death. See First FAC. On February 6, 2023, Defendant filed its motion to dismiss the First FAC, arguing that Plaintiff's second, third, and ninth claims should be dismissed under FRCP 12(b)(1) and 12(b)(6) and that Plaintiff was not entitled to punitive damages or prejudgment interest. First Mot. at 5-7. Plaintiff opposed the motion. See First Opp'n. Defendant replied. See First Reply.

## II.   OPINION

### A.   Legal Standard

Dismissal is appropriate under FRCP 12(b)(1) when the Court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). The motion may either (1) dispute the sufficiency of the pleadings to establish federal jurisdiction or (2) allege a lack of federal jurisdiction despite the formal sufficiency of the complaint. Blue Lake Rancheria v. Morgenstern, No. 2:11-CV-01124 JAM, 2011 WL 6100845, at *2 (E.D. Cal. Dec. 6, 2011). Standing challenges are also properly plead under FRCP 12(b)(1). Id. When a defendant brings a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the

4

plaintiff has the burden of establishing subject matter jurisdiction. See Rattlesnake Coalition v. United States Envtl. Protection Agency, 509 F.3d 1095, 1102, n. 1 (9th Cir. 2007).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under FRCP 12(b)(6), the Court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of Plaintiff. Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The complaint must possess more than "a formulaic recitation of the elements of a cause of action;" it must contain non-conclusory, factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).

B. Analysis

1. First Motion to Dismiss

a. Counts Two and Three

Defendant contends that Plaintiff's second and third causes of action in the First FAC for murder and negligence in the detention of human remains must be dismissed on (1) sovereign immunity and (2) standing grounds. First Mot. at 5. Defendant first argues that, although Defendant has waived sovereign immunity for certain tort claims under the FTCA, it has not waived immunity for criminal claims; Plaintiff's second and third claims both constitute criminal causes of action with criminal penalties, so they are barred by sovereign immunity. Id. Defendant further notes that Plaintiff lacks standing to pursue these criminal claims because neither creates a private cause of

action under which Plaintiff can litigate as a private citizen; that right is exclusively reserved to prosecutors, absent express statutory provisions that state otherwise. Id. at 6.

With respect to Plaintiff's murder claim, Plaintiff first states that the claim can be amended to negligence if the Court grants Defendant's motion. First Opp'n ¶ 24, 29. Plaintiff then argues that a state murder charge can be tried against Defendant in a civil trial and asks the Court to expand the jurisdiction of the FTCA to include harms beyond torts. Id. ¶¶ 27-28. With respect to Plaintiff's negligence in the detention of human remains claim, Plaintiff first argues that Defendant is negligent *per se* because there is a rebuttable presumption of negligence if there is a violation of a statute, which occurred in the instant case. Id. ¶ 30. Plaintiff also claims that California Health and Safety Code § 7053 does not exclusively fall under the state penal code and allows for both civil and criminal suits. Id. ¶¶ 31-32. Plaintiff further argues, in the alternative, that Plaintiff can also prove the elements of traditional negligence against Defendant for its alleged violation of § 7053. Id. ¶¶ 34-37.

The Court finds Defendant's sovereign immunity argument persuasive and dispositive. The United States is "immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define the [C]ourt's" subject matter jurisdiction. United States v. Sherwood, 312 U.S. 584, 586 (1941). Absent a statutory waiver of sovereign immunity, an action against the United States must be dismissed. Elias v. Connett, 908 F.2d 521, 527 (9th Cir. 1990). Plaintiff has

brought her claims under the FTCA and has cited to no other statutory waivers of sovereign immunity by Defendant under which her claims can be brought. The FTCA provides a limited waiver of the sovereign immunity of Defendant for torts committed by federal employees acting within the scope of their employment. Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995). While Plaintiff contends that her second and third claims fall under the FTCA, the Court disagrees. Plaintiff has provided no persuasive or controlling authority that would permit this Court to qualify either claim as a tort and exercise jurisdiction over them in accordance with the FTCA. To the contrary, the Court finds that Plaintiff's second and third claims are criminal felony and misdemeanor offenses, respectively, against which Defendant is immune from suit. Therefore, the Court dismisses these claims with prejudice.

                b.    Count Nine

Defendant argues that Plaintiff's ninth cause of action alleging a violation of the Elder Abuse Act should be dismissed for failure to state a claim upon which relief can be granted; Defendant claims that Plaintiff simply alleges the negligent provision of care by Decedent's medical staff, which does not meet the Elder Abuse Act's requisite standard of "egregious" conduct. First Mot. at 6-7. Plaintiff responds that Defendant's violation of the Elder Abuse Act constitutes both negligence *per se* and traditional negligence. First Opp'n ¶¶ 38, 44-47. Plaintiff also references case law to support her contention that Elder Abuse Act violations can be civilly litigated, even when arbitration agreements are involved. Id. ¶¶ 41-43.

7

1    The Court finds Defendant's argument persuasive.  Plaintiff
2 alleges that Defendant's staff at Veterans Affairs-San Francisco
3 Medical Center violated the Elder Abuse Act by neglecting
4 Decedent's medical needs and depriving him of medically necessary
5 services.  First FAC ¶¶ 131-35.  The Elder Abuse Act requires a
6 plaintiff to prove by clear and convincing evidence that a
7 defendant is "liable for physical abuse, neglect, or financial
8 abuse (as these terms are defined in the Act), and that the
9 defendant has been guilty of 'recklessness, oppression, fraud, or
10 malice' in the commission of such abuse."  Covenant Care, Inc. v.
11 Superior Ct., 32 Cal. 4th 771, 779 (2004) (citing Cal. Welf. &
12 Inst. Code, § 15657).  Abuse includes "physical abuse, neglect,
13 financial abuse, abandonment, isolation, abduction, or other
14 treatment with resulting physical harm or pain or mental
15 suffering" or the "deprivation of care by a care custodian of
16 goods or services that are necessary to avoid physical harm or
17 mental suffering."  Cal. Welf. & Inst. Code, § 15610.07.  Neglect
18 requires a showing that a defendant: (1) was responsible for
19 meeting the basic needs of the elder or dependent; (2) knew of
20 conditions that made the elder or dependent unable to tend to
21 their own basic needs; and (3) denied or withheld goods or
22 services.  Carter v. Prime Healthcare Paradise Valley LLC, 198
23 Cal. App. 4th 396, 406 (2011).
24    A plaintiff must demonstrate a level of culpability beyond
25 simple, gross, or professional negligence.  Id. at 405, 408.
26 Oppression, fraud, and malice involve "intentional, willful, or
27 conscious wrongdoing of a despicable or injurious nature," while
28 recklessness involves "deliberate disregard of the high degree of

probability that an injury will occur." Id.  The Ninth Circuit has expressed that the Elder Abuse Act concerns the complete "failure to provide medical care," including "egregious" conduct such as repeated or flagrant failures to provide care. Flores by & through Clark v. United States, 780 F. App'x 420, 422 (9th Cir. 2019).  The Court finds that Plaintiff has failed to allege that the Veterans Affairs-San Francisco Medical Center staff engaged in any behavior consistent with recklessness, oppression, fraud, or malice.  Plaintiff has consistently stated that she is asserting negligent misconduct by the medical staff in their care of Decedent, which is insufficient to maintain this cause of action.  The references to cardiology staff turning off the heart defibrillator used on Decedent, the presence of skin sores on Decedent's body, and Decedent experiencing pain from those sores fail to sufficiently demonstrate the state of mind of the medical staff, such that the right to relief does not rise beyond the speculative level.  In the absence of the non-conclusory, factual allegations necessary to sustain this claim, the Court dismisses this claim without prejudice.

　　　　　2.　Second Motion to Dismiss

Defendant's argument against Plaintiff's eleventh cause of action in the Second FAC alleging a violation of the Elder Abuse Act is identical to its argument towards the First FAC; Defendant argues that this clam should be dismissed for failure to state a claim upon which relief can be granted because Plaintiff has only alleged the negligent provision of care towards Decedent by the Veterans Affairs-Martinez Outpatient Clinic staff.  Second Mot. at 4.  Plaintiff responds that Defendant is liable for an Elder

Abuse Act violation because Defendant's staff at the Martinez clinic: (1) violated the Elder Abuse Act's provisions; (2) were negligent *per se* in their treatment of Decedent; and (3) were traditionally negligent under tort law.  Second Opp'n ¶ 54. Plaintiff outlines Decedent's alleged mistreatment at the clinic, namely that Decedent: (1) fell twice; (2) lost approximately ten pounds; (3) experienced worsening skin sores; (4) experienced more general pain and discomfort; and (5) was sent to different hospitals twice.  Id. ¶ 55.

Consistent with its ruling in Defendant's favor on Plaintiff's first Elder Abuse Act claim, the Court, again, finds Defendant's argument carries the day. As discussed above, the Ninth Circuit has expressed that the Elder Abuse Act concerns the complete "failure to provide medical care," including "egregious" conduct such as repeated or flagrant failures to provide care. Flores, 780 F. App'x at 422.  The Court finds that Plaintiff has failed to allege that the Veterans Affairs-Martinez Outpatient Clinic staff completely failed to provide medical care or engaged in any behavior consistent with recklessness, oppression, fraud, or malice.  As with her other Elder Abuse Act claim, Plaintiff continues to assert merely negligent misconduct by the medical staff in their care of Decedent, which is insufficient to maintain this cause of action. In the absence of the non-conclusory, factual allegations necessary to sustain this claim, the Court dismisses this claim without prejudice.

### 3. Remaining Issues

In both of its motions to dismiss, Defendant asks the Court to dismiss Plaintiff's prayers for punitive damages and

10

1    prejudgment interest, arguing that the FTCA does not allow such
2    damages against Defendant.  First Mot. at 6-7, Second Mot. at 4.
3    Plaintiff responds that punitive damages and other enhanced
4    remedies are permitted under California state law and are
5    routinely awarded in actions involving the Elder Abuse Act.
6    First Opp'n ¶¶ 48-53.  The Court finds Defendant to have the
7    better argument.

8        Punitive damages and prejudgment interest are remedies, not
9    claims, so they cannot be dismissed for failure to state a claim
10   upon which relief can be granted.  Martinez v. Optimus Props.,
11   LLC, No. 2:16-cv-08598-SVW-MRW, 2017 U.S. Dist. LEXIS 135395, at
12   *25 (C.D. Cal. Mar. 14, 2017).  Such a motion will be construed
13   by the Court as a motion to strike the requests and will only be
14   granted "if it is clear from the face of the complaint that a
15   plaintiff is not entitled to such relief."  Id. at *26.
16   Plaintiff has brought all of her claims under the FTCA, which
17   completely precludes liability against Defendant for prejudgment
18   interest and punitive damages; even if local law allows for
19   punitive damages or awards greater than compensatory damages,
20   only compensatory damages may be awarded.  28 U.S.C. § 2674,
21   Felder v. United States, 543 F.2d 657, 669 (9th Cir. 1976).
22   Thus, the Court finds that Plaintiff is not entitled to punitive
23   damages and prejudgment interest, and grants Defendant's motions
24   to strike Plaintiff's requests for punitive damages and
25   prejudgment interest in the First and Second FAC.

### III.  ORDER

28       For the reasons set forth above, the Court GRANTS

11

Defendant's motions to dismiss and strike.  Claims two and three in the First FAC are DISMISSED WITH PREJUDICE.  However, because amendment may not be futile on the Elder Abuse Act claims, this Court grants Plaintiff leave to amend these claims.  Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).

If Plaintiff elects to amend her complaints, she shall consolidate the First and Second First Amended Complaints into one Second Amended Complaint to be filed within twenty days of this Order.  Defendant's responsive pleading is due twenty days thereafter.

IT IS SO ORDERED.

Dated: June 9, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

12