1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

9   VICTORIA THOMPSON                No.  2:22-cv-01459-JAM-JDP
    INDIVIDUALLY AND ON BEHALF OF
10  DECEDENT RUSSELL GENE
    THOMPSON,
11                                   **ORDER DENYING DEFENDANT UNITED
                                     STATES OF AMERICA'S MOTION FOR
12            Plaintiff,             SUMMARY JUDGMENT**

13       v.

14  UNITED STATES OF AMERICA,

15            Defendant.

16       This matter is before the Court on Defendant United States

17  of America's ("Defendant") motion for summary judgment under Rule

18  56(a) of the Federal Rules of Civil Procedure.  Def.'s Mot. for

19  Summary Judgment, ECF No. 37.  Defendant's motion is based on two

20  grounds: (1) Plaintiff Victoria Thompson, individually and on

21  behalf of decedent Russell Gene Thompson, ("Plaintiff") is

22  judicially estopped from asserting the claims in the Second

23  Amended Complaint ("SAC"); and (2) Plaintiff cannot maintain this

24  action under Rule 17 of the Federal Rules of Civil Procedure

25  because she is not a real party in interest.  Def.'s Memorandum

26  of Points and Authorities ("Mot."), ECF No. 37-1 at 1-2.

27  Defendant's motion stems from Plaintiff's nondisclosure of an

28  administrative tort claim filed against the Department of Veteran

                                  1

1   Affairs ("VA") during the pendency of Plaintiff's earlier

2   bankruptcy.  Id. at 1-2.

3       For the reasons set forth below, the Court DENIES Defendant's

4   motion for summary judgment on both grounds.[1]

5           I.   DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

6       Defendant requests the Court take judicial notice of six

7   documents in support of its motion under Rule 201 of the Federal

8   Rules of Evidence.  See Def.'s Req. for Judicial Notice ("RJN"),

9   ECF No. 37-3.  The documents consist of Plaintiff's underlying

10  administrative tort claim filed against the Department of

11  Veterans Affairs on October 6, 2021 (Exhibit 7) and documents

12  from Plaintiff's chapter 13 bankruptcy proceeding that are in the

13  court's records (Exhibits 4-6, 8-10).  Id.  Plaintiff does not

14  oppose Defendant's requests.  See Opp'n, ECF No. 40.

15      As documents that "can be accurately and readily determined

16  from sources whose accuracy cannot reasonably be questioned," and

17  in the absence of Plaintiff's objection, see Opp'n, the Court

18  takes judicial notice of exhibits four through ten, inclusive, as

19  requested.  See Fed. R. Evid. 201(b); Harris v. Cty. of Orange,

20  682 F.3d 1126, 1132 (9th Cir. 2012) (documents filed in federal

21  court are a matter of public record that may be judicially

22  noticed when undisputed); In re Calder, 907 F.2d 953, 955 n.2

23  (10th Cir. 1990) (Rule 201 permits judicial notice of the

24  contents of bankruptcy schedules and statements of financial

25  affairs but not the truth of those contents); Duke Energy Trading

26  _____

27  [1]This motion is determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
    previously scheduled for September 26, 2023, and was vacated by
28  this Court on September 19, 2023.  ECF No. 42.

1  & Mktg., L.L.C. v. Davis, 267 F.3d 1042, 1048 n.3 (9th Cir. 2001)

2  (granting requests for judicial notice of documents filed with

3  California administrative agencies).  The Court only takes

4  judicial notice of the contents, or lack of contents, within the

5  matters noticed but not the truth of those contents.  See In re

6  Calder, 907 F.2d at 955 n.2; Lee v. City of Los Angeles, 250 F.3d

7  668, 690 (9th Cir. 2001).

8              II.   BACKGROUND AND UNDISPUTED FACTS

9       Russell Gene Thompson ("Decedent") was a patient at (1) the

10  VA medical facility in Martinez, California from March 19, 2021,

11  to May 7, 2021, and (2) the VA medical center in San Francisco,

12  California from August 19, 2021 to October 6, 2021.  Pl.'s Resp.

13  to Def.'s Statement of Undisputed Facts ("SUF") No. 1, ECF No.

14  40-4.  Decedent passed away on October 6, 2021.  SUF No. 12.  The

15  same day, Plaintiff, as Decedent's surviving spouse, submitted an

16  administrative tort claim with the VA to recover damages for the

17  injuries allegedly sustained in connection with Decedent's care

18  and treatment at both facilities (the "VA Claim").  SUF Nos. 12,

19  13.

20       Approximately five years earlier, on June 20, 2016,

21  Plaintiff and Decedent filed for chapter 13 bankruptcy in the

22  Bankruptcy Court for the Eastern District of California, Case No.

23  16-23970.  SUF No. 5.  Plaintiff and Decedent filed a statement

24  of financial affairs and schedules of assets with their chapter

25  13 bankruptcy petition.  SUF No. 7.  The bankruptcy court

26  confirmed Plaintiff and Decedent's chapter 13 plan on September

27  14, 2016.  RJN No. 5 at 24.  On July 30, 2019, Decedent was

28  dismissed as a debtor from the bankruptcy case, leaving Plaintiff

1  as the only remaining debtor.  SUF No. 14.  On March 7, 2022, the

2  bankruptcy court entered an order of discharge for Plaintiff, SUF

3  No. 15, and the case was closed on March 22, 2022.  RJN No. 5 at

4  19.

5      Plaintiff and Decedent did not disclose the VA Claim in

6  their initial bankruptcy filings, and Plaintiff never amended the

7  filings to disclose the VA claim during the pendency of the

8  bankruptcy case.  SUF Nos. 7, 11, 16.

9      After several pleadings and a consolidation of cases,

10  Plaintiff filed the operative second amended complaint in this

11  action on June 28, 2023, individually and as the personal

12  representative of Decedent's estate, to recover damages for the

13  injuries allegedly sustained in connection with the care and

14  treatment Decedent received at both facilities.  Second Am.

15  Compl. ("SAC"), ECF No. 33; SUF Nos. 2-4.[2, 3]

16                    III.   OPINION

17      A.   <u>Legal Standard</u>

18      A Court must grant a party's motion for summary judgment

19  "if the movant shows that there is no genuine dispute as to any

20  material fact and the movant is entitled to a judgment as a

21  matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the

22  initial burden of "informing the district court of the basis for

23  its motion, and identifying [the documents] which it believes

24  demonstrate the absence of a genuine issue of a material fact."

25

26  [2] While SUF Nos. 2-4 are disputed, they are neither factual nor
    material.  Fed. R. Civ. P. 56(a).

27  [3] Also pending before the Court is Defendant's motion to dismiss
    Plaintiff's SAC.  Def.'s Mot. to Dismiss, ECF No. 34.  That

28  motion will be decided by separate Order.

                              4

1   Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986).  A fact is

2   material if it "might affect the outcome of the suit under the

3   governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

4   248 (1986).  Once the movant makes this initial showing, the

5   burden rests upon the nonmoving party to "set forth specific

6   facts showing that there is a genuine issue for trial."  Id.  An

7   issue of fact is genuine if "the evidence is such that a

8   reasonable jury could return a verdict for the nonmoving party."

9   Id.  All reasonable inferences are drawn in favor of the non-

10  moving party.  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387

11  (9th Cir. 2010) (citing Anderson, 477 U.S. at 255).

12       B.   Analysis

13            1.   Defendant fails to show Plaintiff is judicially

14                 estopped.

15       Defendant argues Plaintiff is judicially estopped from

16  bringing this action because she failed to disclose the VA Claim

17  during the pendency of her chapter 13 bankruptcy.  Mot. at 1-2.

18       The doctrine of judicial estoppel '"prevents a party from

19  prevailing in one phase of a case on an argument and then

20  relying on a contradictory argument to prevail in another

21  phase."'  New Hampshire v. Maine, 532 U.S. 742, 749 (2001)

22  (quoting Pegram v. Herdrich, 530 U.S. 211, 227 n.8 (2000)).  The

23  purpose of the doctrine is to protect the integrity of the

24  judicial process.  Id. at 750.

25       In New Hampshire, the Court identified three factors that

26  "firmly tip the balance of equities in favor of" estopping a

27  party: (1) a party's later position is clearly inconsistent with

28  an earlier position; (2) the earlier court accepted the party's

5

1  prior position; and (3) the inconsistent positions would give
2  the party an unfair advantage or unfairly disadvantage an
3  opposing party.  Id. at 750-51.

4      District courts have adopted a default rule of applying
5  judicial estoppel in matters involving bankruptcy given the
6  critical importance of full disclosure in those proceedings: "If
7  a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit
8  from the bankruptcy schedules and obtains a discharge (or plan
9  confirmation), judicial estoppel bars the action." Ah Quin v.
10 Cnty. of Kauai Dep't of Transp., 733 F.3d 267, 271, 273-74 (9th
11 Cir. 2013) (citing In re Coastal Plains, Inc., 179 F.3d 197, 208
12 (5th Cir. 1999)).  However, despite the default rule,
13 "[j]udicial estoppel is a discretionary doctrine, applied on a
14 case-by-case basis." Id. at 272 (citing New Hampshire, 532 U.S.
15 at 751).  Upon closer review of Ah Quin and the cases relied
16 upon to articulate this default rule, the Court finds that the
17 rule should not be applied here given that the undisclosed claim
18 was neither pending nor soon-to-be-filed as of the commencement
19 of the bankruptcy action but rather did not exist until five
20 years after the chapter 13 plan was confirmed.  RJN No. 5; SUF
21 Nos. 12.

22      Turning to the three New Hampshire factors, even if
23 Defendant's SUF establishes the first two, Defendant has not
24 shown Plaintiff obtained an unfair advantage, or that an
25 opposing party was unfairly disadvantaged, when she failed to
26 disclose the VA Claim on October 6, 2021.  Defendant asserts
27 Plaintiff received an unfair advantage when she obtained a
28 "discharge without allowing the creditors to learn of the

1   pending lawsuit." Mot. at 5. However, Defendant's authority

2   does not support that a lack of knowledge amounts to an unfair

3   advantage. Rather, the unfair advantage exists in these

4   circumstances only if the already-confirmed plan could be

5   modified to allow the creditors to receive greater payments

6   under the plan. Thus, Defendant must show that the already-

7   confirmed chapter 13 plan could have been modified on or after

8   October 6, 2021. Defendant has not made this showing.

9        A chapter 13 bankruptcy plan may be modified after

10  confirmation but before completion of plan payments. 11 U.S.C. §

11  1329(a); In re Flores, 735 F.3d 855, 859 (9th Cir. 2013) (en

12  banc). Payments under a chapter 13 plan cannot exceed five years

13  from the date the first payment is due, whether or not the plan

14  is later modified after confirmation. 11 U.S.C. §§ 1322(d),

15  1325(b)(4), 1329(c); In re Mrdutt, 600 B.R. 72, 83 (B.A.P. 9th

16  Cir. 2019). The first payment is due 30 days after the chapter

17  13 bankruptcy petition is filed, unless otherwise ordered by the

18  bankruptcy court. 11 U.S.C. § 1326(a); In re Mrdutt, 600 B.R. at

19  83; In re Profit, 283 B.R. 567, 575 (B.A.P. 9th Cir. 2002).

20       Here, Plaintiff filed her chapter 13 petition on June 20,

21  2016, SUF No. 5, making the first payment due 30 days later on

22  July 20, 2016. 11 U.S.C. § 1326(a). More than five years had

23  passed by the time Plaintiff filed the VA Claim on October 6,

24  2021. At that point, Plaintiff completed her payments under the

25  plan, Opp'n at 4, and the plan could no longer be modified. 11

26  U.S.C. § 1329(a).

27       In deciding Defendant's summary judgment motion, the Court

28  is required to draw all reasonable inferences in Plaintiff's

1   favor.  In re Oracle Corp. Sec. Litig., 627 F.3d at 387 (citing

2   Anderson, 477 U.S. at 255).  Doing so, the Court finds Defendant

3   has not demonstrated that the already confirmed chapter 13 plan

4   could have been modified such that Plaintiff obtained an unfair

5   advantage by failing to disclose the VA Claim on October 6, 2021.

6   Accordingly, the Court finds the balance of equities are not

7   firmly tipped in Defendant's favor and Plaintiff is not

8   judicially estopped from bringing her claims in this case.

9              2.   Defendant fails to show Plaintiff lacks

10                  prudential standing to maintain this action.

11      Defendant next argues the VA Claim was and remains property

12   of the bankruptcy estate because Plaintiff failed to disclose

13   this claim during her chapter 13 bankruptcy.  Mot. at 2, 7-8.

14   If a debtor fails to disclose property belonging to the

15   bankruptcy estate, that property does not revest to the debtor

16   but remains with the bankruptcy estate.  See 11 U.S.C. § 554(d);

17   Cusano v. Klein, 264 F.3d 936, 945-46 (9th Cir. 2001).  As a

18   result, Defendant contends the bankruptcy trustee is the only

19   real party in interest, and Plaintiff cannot maintain this

20   action under Rule 17(a) of the Federal Rules of Civil Procedure

21   ("An action must be prosecuted in the name of the real party in

22   interest.").  Mot. at 2, 7-8.

23      Defendant claims the VA Claim was property of the

24   bankruptcy estate under 11 U.S.C. section 541(a)(1).  Mot. at 7-

25   8.  Under section 541(a)(1), anything of value, including causes

26   of action, that belong to the debtor at the commencement of the

27   bankruptcy case are property of the bankruptcy estate.  11

28   U.S.C. § 541(a)(1); Gladstone v. U.S. Bancorp, 811 F.3d 1133,

8

1139 (9th Cir. 2016); Cusano, 264 F.3d at 945-46.  State law

determines when a cause of action accrues for purposes of

defining the scope of the bankruptcy estate.  Cusano, 264 F.3d

at 947.  Under California law, a claim accrues "when the cause

of action is complete with all of its elements."  Norgart v.

Upjohn Co., 21 Cal.4th 383, 397 (1999).  Defendant elected to

use the date Plaintiff filed the VA Claim, i.e., October 6,

2021, as a proxy for date of accrual, even though the claim, or

part of the claim, may have accrued earlier.  SUF No. 12.  Based

on Defendant's undisputed facts, the Court finds the VA Claim

did not accrue at any other time but October 6, 2021—over five

years after Plaintiff filed her bankruptcy petition.

Accordingly, the VA Claim was not property of the

bankruptcy estate under section 541(a) because it did not exist

"as of the commencement of the case."  11 U.S.C. § 541(a)(1).

Defendant's own authority similarly limits the scope of the

bankruptcy estate under section 541(a) to prepetition causes of

action.  See Cusano, 264 F.3d at 948 (holding the debtor lacks

standing for undisclosed claims accruing prepetition but retains

standing for undisclosed claims accruing postpetition); Runaj v.

Wells Fargo Bank, 667 F. Supp. 2d. 1199, 1206 (S.D. Cal. 2009)

(holding prepetition causes of action to be property of the

bankruptcy estate); Griffin v. Allstate Ins. Co., 920 F. Supp.

127, 130 (C.D. Cal. 1996) (same).

Defendant's reliance on Moralez v. Vilsack, No.

116CV00282AWIBAM, 2017 WL 4652730 (E.D. Cal. Oct. 17, 2017) in

support of its argument is misplaced.  Mot. at 2, 8.  Although

the District Court in Moralez held the bankruptcy estate

9

1   included postpetition claims, that holding was reached on

2   grounds not raised here in Defendant's motion or reply.  See

3   Moralez, 2017 WL 4652730 at *5 (finding the bankruptcy estate in

4   a chapter 12 bankruptcy included postpetition property under 11

5   U.S.C. section 1207).  Moreover, Moralez involved a chapter 12

6   rather than chapter 13 bankruptcy proceeding.  See id.  Even if

7   the Court were to consider the holding in Moralez, its

8   persuasiveness is undermined by other authority relied upon by

9   Defendant.  See In re Berkley, 613 B.R. 547, 552-53 (B.A.P. 9th

10  Cir. 2020) (holding a chapter 13 bankruptcy estate does not

11  include postconfirmation property).

12      In sum, Defendant has failed to show that the VA Claim was

13  property of the bankruptcy estate under section 541(a).  Absent

14  this showing, Defendant cannot establish Plaintiff's

15  nondisclosure affected her status as the real party in interest.

16  Whether the VA Claim is considered community property, Reply,

17  ECF No. 41 at 2-4, is inconsequential because it nevertheless

18  did not exist at the commencement of the case.  11 U.S.C. §

19  541(a).

20                          IV.   ORDER

21      For the reasons set forth above, the Court DENIES

22  Defendant's motion for summary judgment.

23      IT IS SO ORDERED.

24  Dated: October 27, 2023

25

26  _____

27  JOHN A. MENDEZ
    SENIOR UNITED STATES DISTRICT JUDGE

28

                           10