UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| VICTORIA THOMPSON INDIVIDUALLY AND ON BEHALF OF DECEDENT RUSSELL GENE THOMPSON,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No.  2:22-cv-01459-JAM-JDP<br><br>**ORDER DENYING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S ELDER ABUSE ACT CLAIMS IN SECOND AMENDED COMPLAINT** |
|---|---|

    This matter is before the Court on Defendant United States of America's ("Defendant") motion to dismiss Plaintiff Victoria Thompson's ("Plaintiff") claims for elder abuse in the second amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Def.'s Mot. to Dismiss Pl.'s Second Am. Compl. ("SAC"), ECF No. 34.  Plaintiff opposed, Opp'n, ECF No. 38, and Defendant replied, Reply, ECF No. 39.

    For the reasons set forth below, the Court DENIES Defendant's motion.[1]

---

[1] This motion is determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).

1

I. INTRODUCTION

The parties are intimately familiar with the allegations and procedural background of this case and they will not be repeated here. Defendant's latest motion to dismiss is brought on grounds nearly identical to its previous motions to dismiss Plaintiff's elder abuse claims. See Def.'s Motions to Dismiss, ECF Nos. 13, 25. The only noteworthy difference between Plaintiff's earlier complaints and the SAC is that Plaintiff has added allegations referencing recklessness, oppression, malice, and fraud. See, e.g., SAC ¶ 141.

II. OPINION

A. Legal Standard

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). While "detailed factual allegations" are unnecessary, the complaint must allege more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. Lazy Y Ranch LTD. v. Behrens, 546 F.3d 580,

1   588 (9th Cir. 2008).  "In sum, for a complaint to survive a
2   motion to dismiss, the non-conclusory 'factual content,' and
3   reasonable inferences from that content, must be plausibly
4   suggestive of a claim entitling the plaintiff to relief."  Moss
5   v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).
6       B.   Analysis
7       Defendant contends Plaintiff's allegations under
8   California's Elder Abuse and Dependent Adult Civil Protection
9   Act (the "Act"), Cal. Welf. & Inst. Code § 15600, et seq., fail
10  to state a claim upon which relief can be granted because
11  Plaintiff has not alleged neglect, as that term is defined under
12  the Act, and has not adequately pleaded recklessness,
13  oppression, fraud, or malice.  Def.'s Mem. of Points and
14  Authorities ("Mot."), ECF No. 34-1 at 3.
15      The Court agrees with Defendant that the allegations
16  concerning recklessness, oppression, fraud, and malice, e.g.,
17  SAC ¶ 147, are legal conclusions and formulaic recitals.  They
18  are therefore insufficient.  Iqbal, 556 U.S. at 678.
19      However, this failure to properly plead reckless,
20  oppressive, fraudulent, or malicious conduct does not preclude
21  the entire cause of action but only Plaintiff's ability to
22  recover the enhanced remedies provided by section 15657 of the
23  Act.  Cal. Welf. & Inst. Code, § 15657 (permitting the recovery
24  of enhanced remedies "in addition to all other remedies provided
25  by law" when the plaintiff shows by clear and convincing evidence
26  that the defendant is (1) liable for neglect and (2) guilty of
27  reckless, oppressive, fraudulent, or malicious conduct); see
28  Covenant Care, Inc. v. Superior Ct., 32 Cal. 4th 771, 789 (2004)

(holding allegations of recklessness, oppression, fraud, or malice necessary "to obtain the Act's heightened remedies"); see also Judicial Council of California Civil Jury Instructions 3103, 3104, Elder Abuse Act Table A; Davis v. RiverSource Life Ins. Co., 240 F. Supp. 3d 1011, 1020 (N.D. Cal. 2017) (applying California law).

To maintain a cause of action for elder abuse, however, Plaintiff must still plead "neglect" as that term is defined under the Act.  Defendant argues Plaintiff's allegations concern only the substandard performance of medical care, not a failure to provide care, and therefore these claims cannot be maintained.  Mot. at 3. The Court disagrees.

"Neglect" is defined as "the negligent failure of any person having the care or custody of an elder or a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise."  Cal. Welf. & Inst. Code § 15610.57(a).

> Neglect, includes but is not limited to all of the following:
>
> (1) Failure to assist in personal hygiene, or in the provision of food, clothing, or shelter.
> (2) Failure to provide medical care for physical and mental health needs.  A person shall not be deemed neglected or abused for the sole reason that the person voluntarily relies on treatment by spiritual means through prayer alone in lieu of medical treatment.
> (3) Failure to protect from health and safety hazards.
> (4) Failure to prevent malnutrition or dehydration.
> (5) Substantial inability or failure of an elder or dependent adult to manage their own finances.
> (6) Failure of an elder or dependent adult to satisfy any of the needs specified in paragraphs (1) to (5), inclusive, for themselves as a result of poor cognitive functioning, mental limitation, substance abuse, or chronic poor health.

Welf. & Inst. § 15610.57(b); Covenant Care, Inc., 32 Cal. 4th at 783.

Contrary to Defendant's argument, the Court finds Plaintiff has sufficiently alleged "neglect." While the SAC also includes some allegations of substandard performance of medical care, there are other factual allegations, taken as true, that amount to a failure by Defendant to provide medical care. For example, Plaintiff has alleged Defendant failed to provide decedent Russell Gene Thompson with range-of-motion exercises which caused medical complications including additional open-wound bedsores. SAC ¶ 153. Because there are factual allegations supporting Plaintiff's elder abuse claims and plausibly suggesting an entitlement to relief, the Court DENIES Defendant's motion to dismiss these Elder Abuse Act claims in their entirety.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendant's motion to dismiss Plaintiff's causes of action for elder abuse in the SAC. Plaintiff is precluded, however, from recovering the enhanced remedies provided by section 15657 of the Elder Abuse Act in this case.

IT IS SO ORDERED.

Dated: November 3, 2023

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

5